IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL T. OAKES,**

    **Plaintiff,**

    v.

**REPCON, INC.,**

    **Defendant.**

Case No. 16-1074-GLR

## MEMORDANDUM AND ORDER

    Plaintiff, Daniel T. Oakes, originally brought this action in McPherson County District Court. He asserts a claim for negligence that allegedly caused personal injury, sustained while doing contract work on behalf of Defendant. Defendant removed the case to this Court. The parties have consented to jurisdiction before the magistrate judge for all further proceedings (ECF 10). The matter is before the Court on Defendant's Motion for Summary Judgment (ECF 19). After the initial briefing the Court ordered additional briefing to address the possible applicability of K.S.A. § 16-121(b). (ECF 25.) It directed each party to file a brief of no more than five pages and without any order or invitation for opposing responses. The parties timely filed their respective supplemental briefs. (ECF 26 and ECF 27.) After reviewing the briefing and for the following reasons, the Court will defer its ruling on the motion.

    "Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue disputes of material fact and that the moving party is entitled to judgment as a matter of law." *Water Pik, Inc. v. Med–Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013) (quotation omitted); *see* Fed. R. Civ. P. 56(a). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Water Pik, Inc.*, 726 F.3d at 1143 (quotation omitted). "The

nonmoving party is entitled to all reasonable inferences from the record; but if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Id*. at 1143-44.

Defendant's motion frames the dispositive issue as one of contract interpretation. Defendant seeks what amounts to immunity from its alleged negligence. The contract(s) entered into by the parties contain an indemnification provision that arguably means that Plaintiff must indemnify Defendant against any liability for the alleged injuries for which he seeks relief. Specifically, Defendant asserts that the provision applies even though defendant, through its agents or employees, has negligently caused the alleged injury. Plaintiff contends the provision is inapplicable. He cites two instances of ambiguity in the indemnification provision: (1) the difference between "Subcontractor" and "subcontractor" (i.e. the difference in capitalization); and (2) a selective use of the word "injury" in one part of the contract, but not in another. He also argues that the contract(s) are unconscionable as a matter of public policy and thus unenforceable.

The Court sua sponte raised the question of the possible applicability of K.S.A. § 16-121(b). The statute states: "An indemnification provision in a contract which requires the promisor to indemnify the promisee for the promisee's negligence or intentional acts or omissions is against public policy and is void and unenforceable." The Court has assumed the statute may apply because Plaintiff's injuries apparently stem from an accident allegedly caused by the negligence of Defendant or its agents or employees.

But the Court also notes that K.S.A. § 16-121(b) applies only to "construction contract[s]" as defined by § 16-121(a)(1), which provides:

> "Construction contract" means an agreement for the design, construction, alteration, renovation, repair or maintenance of a building, structure, highway, road, bridge, water line, sewer line, oil line, gas line, appurtenance or other improvement to real property, including any moving, demolition or excavation . . . . "Construction contract" shall not include any design, construction, alteration, renovation, repair or maintenance of:
>
> > (A) Dirt or gravel roads used to access oil and gas wells and associated facilities; or
>
> > (B) oil flow lines or gas gathering lines used in association with the transportation of production from oil and gas wells from the wellhead to oil storage facilities or gas transmission lines.

Because the uncontroverted facts indicate that Defendant contracted Plaintiff to weld pipes at an oil refinery, the Court ordered the parties to brief the applicability of K.S.A. Sec. 16-121(b). But it limited the additional brief for each party to five pages, which would have included any assertion of allegedly undisputed facts. The parties have timely filed these additional briefs.

After reviewing all the briefing, the Court is of the opinion that additional briefing either is necessary or would materially aid it to determine whether or not K.S.A. 16-121(b) invalidates or renders as unenforceable the indemnification provision in the contract. Hindsight suggests that the abbreviated briefing previously ordered may have been inadequate, in particular to reasonably address any additional, relevant facts as to the applicability of the Kansas statute.

But the Court will also reserve its ruling on the outstanding motion for summary judgment, filed by Defendant. The applicability both of the indemnity provision in the contract and of K.S.A. § 16-121(b), therefore, remain as open issues and subject to further briefing.

To address these issues, the Court finds the broad provisions of Fed. R. Civ. P. 56, and particularly subsections (c) and (f), to be applicable. Accordingly, it orders the following schedule for additional briefing: Within 30 days of the date of this order Defendant may file an

3

additional brief, including any statement of undisputed facts, to support any contention that K.S.A. 16-121(b) does not apply to this case.  Within 21 days of service of such additional brief, Plaintiff may file a responsive brief.  Within 14 days after service of the response Defendant may file any reply brief.   The D. Kan. Rules, of course, otherwise apply.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (ECF 19) is deferred, pending additional briefing as hereinabove directed.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Stay Deadlines (ECF 31) is granted.  The parties shall prepare a proposed Amended Scheduling Order to be discussed at a status conference on January 12, 2017 at 2:15pm, as the previous setting of January 5, 2017 has been moved to accommodate the court's schedule.  Counsel and any pro se parties should call 1-888-363-4749, access number 8533057, for the conference.

Dated December 19, 2016, at Kansas City, Kansas.

*s/ Gerald L. Rushfelt*  
Gerald L. Rushfelt  
U.S. Magistrate Judge