IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL T. OAKES,**

    **Plaintiff,**

    **v.**

**REPCON, INC.,**

    **Defendant.**

Case No. 16-1074-GLR

## MEMORANDUM AND ORDER

Plaintiff Daniel T. Oakes filed this action in the District Court of McPherson County, Kansas. His petition alleges negligence of Defendant Repcon, Inc., causing him personal injury while he was doing contract work on its premises. Defendant removed the case to this Court. The parties have consented to jurisdiction of the magistrate judge for further proceedings.[1]

The matter is before the Court on Defendant's Motion for Summary Judgment.[2] After the initial briefing, and pursuant to Federal Rules of Civil Procedure 56(f), the Court ordered abbreviated, additional briefing to determine, if possible, the applicability of K.S.A. § 16-121(b). After reviewing the supplemental briefs, the Court ordered yet more briefing, particularly to provide any relevant facts necessary to determine if the statute applies."[3] The parties responded, as directed. For the following reasons, the Court now denies the motion for summary judgment, but leaves open the issue of the applicability of K.S.A. Sec. 16-121(b).

---

[1] ECF 10.
[2] ECF 19.
[3] ECF 32.

**I.      Factual Background**

The uncontroverted facts are relatively sparse. Plaintiff is a tungsten inert gas ("TIG") welder. On April 14, 2015, Defendant contracted with him to perform work at its oil refinery in McPherson, Kansas. To accept this work, Plaintiff signed the following documents (collectively, the "Agreements"):

- Continuing Subcontract Agreement – Small Contractor (ECF 19-1);
- Subcontract Agreement – Small Contractor (ECF 19-2); and
- Contract Amendment (ECF 24-2).

On May 18, 2015, an argon tank weighing 700 pounds crushed Plaintiff's hand, suffering numerous injuries, including the amputation of a finger.

Relevant to the instant motion is the Agreements' indemnification provision that provides:

> **21. LIABILITY AND INDEMNITY: Subcontractor shall be solely responsible for tools, equipment, and personal property owned, rented or leased by Subcontractor or any of his subcontractors or the employees of either which are not to be incorporated in the work. Subcontractor agrees to indemnify, defend and hold harmless Contractor, its directors, officers, employees, representatives and agents and Owner, its directors, officers, employees, representatives and agents from and against all claims, losses, costs and expenses (including legal fees and Court costs) which subcontractor, its agents, officers, directors, employees, representatives, affiliates, successors, and assigns may suffer or suffer or be liable for, caused by, resulting from, arising out of, or occurring in connection with the execution of the work or terms provided for in this agreement, even though such loss, cost, damage, injury or expense may be attributable to the joint, concurrent, comparative or contributory negligence of Contractor or Owner, or their agents, servants or employees.**

(ECF 19-3 at 7, ¶ 21 (emphasis in original).)

2

**II.    Summary Judgment Standard**

"Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue disputes of material fact and that the moving party is entitled to judgment as a matter of law." *Water Pik, Inc. v. Med–Systems, Inc.*, 726 F.3d 1136, 1143 (10th Cir. 2013) (quotation omitted); *see* Fed. R. Civ. P. 56(a).  A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Water Pik, Inc.*, 726 F.3d at 1143 (quotation omitted).  "The nonmoving party is entitled to all reasonable inferences from the record; but if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Id*. at 1143-44.

**III.   Choice of Law**

Because the Court sits in diversity jurisdiction, the Court must determine which state's substantive law applies to the issues in this case.  The parties agree that Kansas law is the appropriate choice of law under the terms of the parties' Agreements and because the injury was sustained in Kansas.  The Court agrees and finds that Kansas law governs this case.

**IV.    Analysis**

In support of its motion for summary judgment, Defendant argued the indemnification provision of the Agreements is enforceable under Kansas law because (1) it is expressed in clear and unequivocal terms; and (2) enforcing the provision is not unconscionable.  Plaintiff contends the provision is unenforceable because it is ambiguous and unconscionable.  In its reply Defendant cited *Midwest Concrete Placement, Inc. v. L & S Basements, Inc.* for the proposition that courts have routinely upheld contracts where they are not against public policy,

unconscionable, or a result of overreaching.[4]  In reviewing *Midwest Concrete*, the Court noted the reference to K.S.A. § 16-121(b), which provides: "An indemnification provision in a contract which requires the promisor to indemnify the promisee for the promisee's negligence or intentional acts or omissions is against public policy and is void and unenforceable."[5]  The term "contract" is defined in K.S.A. § 121(a)(2), however, as a "construction contract" which in turn is defined in § 121(a)(1) as follows:

> "Construction contract" means an agreement for the design, construction, alteration, renovation, repair or maintenance of a building, structure, highway, road, bridge, water line, sewer line, oil line, gas line, appurtenance or other improvement to real property, including any moving, demolition or excavation . . . . "Construction contract" shall not include any design, construction, alteration, renovation, repair or maintenance of:
>
> > (A) Dirt or gravel roads used to access oil and gas wells and associated facilities; or
> >
> > (B) oil flow lines or gas gathering lines used in association with the transportation of production from oil and gas wells from the wellhead to oil storage facilities or gas transmission lines.

Neither party initially discussed this statute.  The Court determined, however, that the facts of the case point to the possibility that the Agreements of the parties may indeed fall within the statute's definition of "construction contract."  After reviewing all of the briefing, however, the Court finds that sufficient facts have not been shown from which the Court can determine whether or not § 121(b) applies.

---

[4] No. 07-2316-JAR, 2009 WL 1162391, at *7 (D. Kan. Apr. 29, 2009), *aff'd sub nom. Midwest Concrete Placement, Inc., v. L&S Basements, Inc.*, 363 F. App'x 570 (10th Cir. 2010).  *See* ECF 24 at 18.

[5] While this subsection uses the term "contract," § 121(a)(2) defines "contract" as "any construction contract, motor carrier transportation contract, dealer agreement or franchise agreement.  Of these, it is undisputed that "construction contract" is the only relevant type in this case.

Simply reading the statute at face value prompts many questions: Is there a difference between a generic "oil line" and an "oil flow line"? If so, what is the difference? Is there a point at which an "oil flow line" becomes an "oil line," or vice versa? Is an oil refinery an "oil storage facility"?

Plaintiff attempts to answer these questions, but only in generalities and without sufficient factual detail. For instance, he contends that § 121(a)(1)'s exception applies to oil and gas pipes *near the well,* but not to those inside a refinery. But Plaintiff provides no evidence or authority to support the contention. Similarly, Plaintiff defines the term "rack" as it is "understood by counsel," without any clarification as to what that means. Briefing of the Defendant addresses these questions only minimally, on the other hand, without any definition or clarification of the statutory terms. For example, Defendant says: "Under this statute, a construction contract 'shall not include any design, construction, alteration, renovation, repair or maintenance of…oil flow lines…used in association with the transportation of production from oil and gas wells from the wellhead to oil storage facilities.'"[6] Simply quoting the language of the exception, Defendant suggests no further definition for "oil flow line" or any difference between it and an "oil line."

For these reasons, the Court considers the application of § 121(b) to remain an undetermined issue. If it applies, Defendant's argument underlying its motion for summary judgment—that the indemnification provision is enforceable under Kansas law because it is expressed in clear an unequivocal terms and enforcing the provision is not unconscionable—cannot prevail because the provision is statutorily void and unenforceable as a matter of public

---

[6] ECF 27 at 3.

policy.  This possibility precludes a finding at this time that there are no genuine issues of material fact.  Accordingly, the Court denies Defendant's motion for summary judgment.[7]

## V.     Conclusion

The Court agrees with the parties that Kansas law governs this case.  It further finds, however, that the parties have not laid a sufficient evidentiary record upon which the Court can determine whether or not K.S.A. § 16-121(b) applies to this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (ECF 19) is denied.

Dated March 10, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[7] To be sure, Defendant argues in its supplemental briefing that the ultimate result is the same because § 121(d) operates to revive the indemnification provision in this case.  The Court, however, must first decide whether § 121(b) applies because, if it does not apply, the Court would never reach the issue of how § 121(d) operates.  The Court also notes the evidentiary record in this case as to § 121(d) is *less* developed than the sparse evidentiary record as to § 121(b).  Either way, it is premature to resolve Defendant's argument.